Georgia A. Staton, Bar #004863
Eileen Dennis GilBride, Bar #009220
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7854
gstaton@jshfirm.com
egilbride@jshfirm.com

Attorneys for Plaintiff Window Rock
Unified School District

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Window Rock Unified School District; Pinon Unified School District,<br><br>Plaintiffs,<br><br>v.<br><br>Ann Reeves, Kevin Reeves, Loretta Brutz, Mae Y. John, Clarissa Hale, Michael Coonsis; Barbara Beall; and Richie Nez, Casey Watchman, Ben Smith, Peterson Yazzie, Woody Lee, Jerry Bodie, Evelyn Meadows, and John or Jane Does I-V, Current or Former Members of the Navajo Nation Labor Commission,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

**General Description of the Action**

1.  Plaintiff Window Rock Unified School District is an Arizona school district that operates within the geographical boundaries of the Navajo Nation. Plaintiff, as an Arizona political subdivision, and in accordance and in compliance with Arizona law, made certain employment decisions affecting Defendants A. Reeves, K. Reeves, Brutz, John, Hale and Coonsis. Each of the foregoing Defendants is a member of the Navajo Nation, and each of them has filed a complaint with the Navajo Nation Labor Commission (NNLC) regarding Plaintiff's employment decisions.

2703918.1
3/28/12

2. Plaintiff Pinon Unified School District is an Arizona school district that operates within the geographical boundaries of the Navajo Nation. Plaintiff, as an Arizona political subdivision, and in accordance and in compliance with Arizona law, made an employment decision to terminate Defendant Barbara Beall as an employee. Ms. Beall is a member of the Navajo Nation, and has filed a complaint with the NNLC regarding her termination.

3. This Court previously held in *Red Mesa Unified School Dist. v. Yellowhair*, 2010 U.S. Dist. LEXIS 104276 (D. Ariz. 2010), that as a matter of law, the Navajo Nation has no regulatory or adjudicative jurisdiction over Arizona school districts' employment-related decisions. On this basis, Plaintiffs moved to dismiss each of the foregoing Defendants' complaints in the NNLC.

4. The NNLC has consolidated all the foregoing Defendants' cases and ordered an evidentiary hearing to take place. The NNLC intends to take extensive evidence on matters that have nothing to do with Plaintiffs' personnel decisions or tribal jurisdiction over those decisions.

5. The NNLC is a fact-finding body and presides over trials. Appeals are taken to the Navajo Nation Supreme Court.

6. The Navajo Supreme Court has indicated its disagreement with the *Yellowhair* decision, and its intent to "entertain future challenges of the federal district court's rationale based on grounds not previously argued, at which time this Court will enter the appropriate order." *Hasgood v. Cedar Unified School Dist.*, No. SC-CV-33-10 (Nav. Sup. Ct. May 12, 2011).

7. In this case, Plaintiffs seek (a) declaratory relief in the form of an order declaring that the NNLC and the Navajo tribal courts lack jurisdiction over public school districts' employment decisions and practices conducted on the Navajo Reservation, when the Districts are fulfilling their state responsibilities to provide education for all Arizona citizens and (b) injunctive relief to bar further prosecution of those claims in the tribal courts due to the lack of jurisdiction.

8. Exhaustion of tribal remedies is not necessary in this case, as jurisdiction in the tribal courts is "plainly lacking." *Strate v. A-1 Contractors*, 520 U.S. 438, 459 n.14 (1997) (exhaustion is not required "when . . . it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by Montana's main rule . . . ."). *See also State of Montana Dep't of Transp. v. King*, 191 F.3d 1108 (9th Cir. 1999).

**The Parties**

9. Plaintiffs Window Rock Unified School District ("Window Rock USD") and Pinon Unified School District ("Pinon USD") are Arizona school districts. They were established under the powers of the Arizona Constitution and are political subdivisions of the State of Arizona organized under and governed by the laws of the State of Arizona for the purpose of the administration, support and maintenance of public schools. A.R.S. § 15-101(21). As part of Arizona's Constitutional mandate to provide education for all Arizona citizens, Ariz. Const. Art. 11, § 1, Plaintiffs Window Rock USD and Pinon USD operate within the boundaries of the Navajo Reservation.

10. Defendants Ann Reeves, Kevin Reeves, Loretta Brutz, and Mae Y. John are members of the Navajo Nation and employees of Plaintiff Window Rock USD.

11. Defendants Clarissa Hale and Michael Coonsis are members of the Navajo Nation and are former employees of Plaintiff Window Rock USD.

12. Defendant Barbara Beale is a member of the Navajo Nation and is a former employee of Plaintiff Pinon USD.

13. Defendants Nez, Smith, Watchman, Yazzie, Lee, Bodie, Meadows and John or Jane Does I-V are or were members of the Navajo Nation Labor Commission at the relevant times.

**Jurisdiction and Venue**

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845 (1985); and under 28

1  U.S.C. § 2201 because it involves an actual controversy.  The District Court reviews the
2  determination of a tribal court's exercise of jurisdiction as a matter of federal law.  *Plains*
3  *Commerce Bank v. Long Family Land and Cattle Co.*, 554 U.S. 316, 324 (2008).

4        15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2),
5  because most or all of the Defendants reside in this District and the events giving rise to the
6  claim occurred in this District.

## Factual Background:  Reeves Case

8        16.    Defendants Ann Reeves, Kevin Reeves, Loretta Brutz and Mae Y.
9  John are employees of Plaintiff Window Rock USD, but are not certified teachers.

10        17.    Plaintiff Window Rock USD determined that the Defendants A.
11  Reeves, K. Reeves, Brutz and John were not entitled to receive District monies funded by
12  Arizona Proposition 301 ("301 money") – merit pay for teachers – because they are not
13  "teachers" within the meaning of Proposition 301.[1]

14        18.    Defendants A. Reeves, K. Reeves, Brutz and John filed a state court
15  complaint over the issue and lost.  The Arizona Court of Appeals held that the Defendants
16  are not entitled to receive "301 money" because they are not certified teachers.  *Reeves v.*
17  *Barlow*, 227 Ariz. 38, 251 P.3d 417 (App. 2011).  Defendants did not seek review in the
18  Arizona Supreme Court.

19        19.    Instead, Defendants filed separate but identical complaints with the
20  Navajo Nation Labor Commission (No.'s NNLC 2009-034, -035, -036, -037), asking that
21  they be included as "teachers" in the distribution of state 301 money, and claiming that the
22  reason the District failed to pay them 301 money was "in retaliation" for their having filed

---

[1] In November 2000, voters approved Proposition 301 which, in part, required all districts to adopt a performance-based pay plan for teachers. *See* A.R.S. § 15-977(A), (B). Proposition 301 increased the state sales tax by six-tenths of 1 percent for 20 years to fund educational programs, and defined the priorities for the use of Proposition 301 money, including funding the Classroom Site Fund.  The Classroom Site Fund is limited to three major uses:  (a) 20% for base increases to teacher salaries, (b) 40% for performance-based pay for teachers, and (c) 40% for strategies for struggling students (e.g., dropout prevention, class size reduction, professional development).  *Id*.  The tradeoff inherent in Proposition 301 for schools is more resources in exchange for more accountability for student performance.  The measure remains in effect through 2021.

the state court action – though Defendants had filed the state court action after, and as the result of, the non-payment of 301 money to them ("the Reeves Claim"). The NNLC dismissed all but the "retaliation" portion of the claim.

20. Plaintiff Window Rock USD moved to dismiss the remaining retaliation claim for lack of jurisdiction. *See Red Mesa Unified School Dist. v. Yellowhair*, 2010 U.S. Dist. LEXIS 104276 (D. Ariz. 2010) (as a matter of law, Navajo Nation has no regulatory or adjudicative jurisdiction over Arizona school districts' employment-related decisions).

21. Instead of dismissing for lack of jurisdiction, the NNLC has ordered an evidentiary hearing to take place. The NNLC wants to hear extensive evidence on such things as whether the Plaintiffs' leases with the Navajo Nation are "government to government compacts" and on the demographics of the school districts:

> [The Yellowhair decision] did not address the issue of whether the lease between the Navajo Nation and the school districts constituted a government to government compact between two sovereigns. What is the nature of government to government compacts between two sovereigns? How do such compacts affect the jurisdiction of the Navajo Nation? The Commission requests the parties to research the history of government to government compacts between the Navajo Nation and the state of Arizona and how each of those sovereigns negotiate terms and conditions of their compacts. Does the first Montana exception even apply to government to government compacts? The parties are also requested to submit information regarding the demographics of the school district, including the percentage of Navajo students that comprise the population of students, the ethnic composition of the school board, administrators, and teachers.

[*Reeves, et al. v. Window Rock Unified School Dist.*, NNLC No.'s 2009-034, -035, -036, -037, 2010-050, and 2011-012, consol., Order dated September 1, 2011, attached as Ex. A and Order on Motion for Reconsideration attached as Ex. B.]

22. The Defendants who are or were members of the NNLC are exceeding their jurisdiction and the jurisdiction of the Navajo Nation by purporting to adjudicate the Reeves Claim against Plaintiff Window Rock USD.

2703918.1
3/28/12

5

**Factual Background:  Coonsis Case**

23. Defendant Michael Coonsis is a former employee of Plaintiff Window Rock USD.  Coonsis filed an Employment Charge with the Office of Navajo Labor Relations (ONLR) alleging that Plaintiff Window Rock USD violated the Navajo Preference in Employment Act ("NPEA").  The NPEA requires employers to give preference in employment to Navajos and dictates that employers may not fire Navajo employees without just cause.  Defendant Coonsis claimed that Plaintiff Window Rock USD District failed to hire him, and that he was the most qualified Navajo for two positions.  The ONLR issued a Notice of Right to Sue letter, stating that the ONLR lacked jurisdiction because Defendant Coonsis's charge was untimely.

24. Defendant Coonsis filed a complaint with the Navajo Nation Labor Commission (No. NNLC 2011-012).

25. Window Rock USD moved to dismiss the case for lack of jurisdiction.

26. The NNLC consolidated the Coonsis case with the Reeves Case and ordered the evidentiary hearing referred to in paragraph 21 above.  The NNLC intends to take extensive evidence on matters that have nothing to do with Plaintiff Window Rock USD's personnel decisions or tribal jurisdiction over those decisions.

27. The Defendants who are or were members of the NNLC are exceeding their jurisdiction and the jurisdiction of the Navajo Nation by purporting to adjudicate the Coonsis claim against Plaintiff Window Rock USD.

**Factual Background – Hale Case**

28. Defendant Clarissa Hale is also a former employee of Plaintiff Window Rock USD.  She also filed an Employment Charge with the ONLR alleging that Plaintiff violated the Navajo Preference in Employment Act ("NPEA").  The NPEA requires employers to give preference in employment to Navajos and dictates that employers may not fire Navajo employees without just cause. Defendant Hale claimed that Window Rock USD failed to hire her for the position of SIS Coordinator and that she was the most qualified Navajo for the position.  Out of four candidates interviewed for the

1  position, however, the interview and selection panel ranked Defendant Hale number three.
2  Additionally, Defendant Hale did not have the requisite background and experience for the
3  position.

4      29.    Defendant Hale resigned but claimed that the resignation was due to
5  intimidation, harassment and a hostile work environment at Plaintiff Window Rock USD.

6      30.    The ONLR issued a Notice of Right to Sue letter, finding no probable
7  cause to conclude that Plaintiff had violated the NPEA.  Plaintiff Window Rock USD
8  believed this was the end of the claim.

9      31.    On January 26, 2011, however, Window Rock USD learned that the
10 NNLC had entered a default judgment against it.  Apparently a certified copy of an NNLC
11 complaint had been mailed to Plaintiff and signed for by a warehouse technician who did
12 not understand the significance of the document, and the documents were not delivered to
13 the Superintendent.

14     32.    Plaintiff Window Rock USD moved to set aside the default judgment
15 based on mistake, inadvertence and/or excusable neglect, and also moved to dismiss for
16 lack of jurisdiction.

17     33.    The NNLC consolidated the Hale case with the Reeves and Coonsis
18 cases described above, and ordered the evidentiary hearing described in paragraph 21
19 above.  The NNLC intends to take extensive evidence on matters that have nothing to do
20 with Window Rock USD's personnel decisions or tribal jurisdiction over those decisions.

21     34.    The Defendants who are or were members of the NNLC are exceeding
22 their jurisdiction and the jurisdiction of the Navajo Nation by purporting to adjudicate the
23 Hale claim against Plaintiff Window Rock USD.

**Factual Background – Beall Case**

25     35.    Defendant Barbara Beall is a former employee of Plaintiff Pinon USD.
26 Pinon USD terminated Beall as a teacher for her continual and repeated failure to comply
27 with school district policies and procedures and for unprofessional conduct.  Rather than
28 appeal her termination under state law, Beall filed an Employment Charge with the Office

of Navajo Labor Relations (ONLR) alleging that Plaintiff Pinon USD violated the Navajo Preference in Employment Act ("NPEA").  The NPEA requires employers to give preference in employment to Navajos and dictates that employers may not fire Navajo employees without just cause.  Beall claimed that she was terminated without just cause.  The ONLR issued a Notice of Right to Sue letter.

36. Defendant Beall filed a complaint with the Navajo Nation Labor Commission (No. NNLC 2011-042).

37. Plaintiff Pinon USD moved to dismiss the case for lack of jurisdiction.

38. The NNLC consolidated the Beall case with the Reeves, Coonsis and Hale cases and ordered the evidentiary hearing referred to in paragraph 21 above.  The NNLC intends to take extensive evidence on matters that have nothing to do with Plaintiff Pinon USD's personnel decisions or tribal jurisdiction over those decisions.

39. The Defendants who are or were members of the NNLC are exceeding their jurisdiction and the jurisdiction of the Navajo Nation by purporting to adjudicate the Beall claim against Plaintiff Pinon USD.

## COUNT ONE:  DECLARATORY JUDGMENT

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Plaintiffs Window Rock USD and Pinon USD are "interested parties" within the meaning of 28 U.S.C. § 2201.  Plaintiffs seek a declaration of their rights and legal relations concerning whether they are subject to the NNLC's purported adjudication of the above-described claims against them.

42. There is an actual controversy within the jurisdiction of this Court because declaratory and injunctive relief will effectively adjudicate the rights of the parties.

43. Specifically, Plaintiffs request a declaration that:

   a. Defendants A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall are prohibited from asserting their claims against Plaintiffs in either the NNLC or the Navajo Nation Supreme Court ("NNSC");

        b.     The Defendant members of the NNLC have exceeded their jurisdiction and the jurisdiction of the Navajo Nation in purporting to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall against Plaintiffs;

        c.     The Defendant members of the NNLC are prohibited from adjudicating any claims by public school employees against Plaintiffs;

        d.     Any judgment, order, decision, decree, or the like that A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis or Beall might procure from the NNLC, the NNSC, or which the NNLC and/or the NNSC might issue in the future with respect to the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis or Beall are null, void, and of no force and effect;

        e.     The efforts of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall to pursue their claims against Plaintiffs in the NNLC and/or the NNSC would violate Plaintiffs' rights, privileges, and immunities guaranteed Plaintiffs by the Constitution, treaties, and laws of the United States and the State of Arizona; and

        f.     The efforts of the Defendant NNLC members to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis or Beall against Plaintiffs would violate Plaintiffs' rights, privileges, and immunities guaranteed Plaintiffs under the Constitution, treaties, and laws of the United States and the State of Arizona.

### COUNT TWO: INJUNCTION

44.     Plaintiffs incorporate paragraphs 1 through 43 herein by reference.

45.     Unless preliminarily and permanently enjoined, A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall, and the Defendant members of the NNLC, will proceed with their actions to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall against Plaintiffs without jurisdiction over the subject matter of the claims against Plaintiffs.

46.     The actions and threatened actions of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall and the Defendant NNLC members will cause Plaintiffs irreparable injury.

47. Plaintiffs lack an adequate remedy at law, other than by this suit.

**WHEREFORE**, Plaintiffs respectfully request this Court to grant judgment as follows:

1. For a declaratory judgment stating that:

   a. A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall are prohibited from asserting their claims against Plaintiffs in either the NNLC or the NNSC;

   b. The Defendant members of the NNLC have exceeded their jurisdiction and the jurisdiction of the Navajo Nation in attempting to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall against Plaintiffs;

   c. The Defendant members of the NNLC are prohibited from adjudicating any employment claims between Plaintiffs and their employees;

   d. Any judgment, order, decision, decree or the like that A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and/or Beall might procure from the NNLC or NNSC, or which the NNLC or NNSC might issue in the future with respect to those claims is null, void, and of no force and effect;

   e. The efforts of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall to pursue their claims against Plaintiffs in the NNLC or NNSC would violate Plaintiffs' rights, privileges, and immunities guaranteed Plaintiffs under the Constitution, treaties and laws of the United States and the State of Arizona; and

   f. The efforts of the Defendant NNLC members to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall against Plaintiffs would violate Plaintiffs' rights, privileges, and immunities guaranteed them under the Constitution, treaties, and laws of the United States and the State of Arizona.

2. For a preliminary and permanent injunction, independent and in furtherance of the requested declaratory judgment, enjoining:

2703918.1
3/28/12

10

   a. A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and Beall from prosecuting or pursuing their claims in the NNLC and/or NNSC or any other Navajo Nation court or forum;

   b. The Defendant NNLC members from continuing to adjudicate the claims of A. Reeves, K. Reeves, Brutz, John, Hale, Coonsis and/or Beall against Plaintiffs; and

   c. The Defendant NNLC members from adjudicating any employment claims between Plaintiffs and their employees; and

  3. For Plaintiffs' costs incurred in this matter; and

  4. For such further relief as the Court deems just and proper in the circumstances.

DATED this 28th day of March, 2012.

JONES, SKELTON & HOCHULI, P.L.C.


By  s/Georgia A. Staton
  Georgia A. Staton
  Eileen Dennis GilBride
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona  85012
  Attorneys for Plaintiff Window Rock
  Unified School District